UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,    Criminal No. 15-284 (DWF/SER)

    Plaintiff,

v.    **RESTITUTION ORDER**

Thomas Robert Page,

    Defendant.

## INTRODUCTION

The defendant pleaded guilty to one count of engaging in illicit sexual conduct in foreign places, 18 U.S.C. § 2423(c), and was sentenced to 120 months' imprisonment. The government has now moved for restitution. For the reasons discussed below, the Court grants the government's request in part: The Court orders the defendant to pay restitution in the amount of $27,011.74.

## BACKGROUND

From 1990 until 2012, Defendant Page, a United States citizen, taught math and science in various African countries, including Cameroon from 2007 until 2011. During his time in Cameroon, according to his plea agreement, Page engaged in sexual abuse of three minors, including S.A. On October 21, 2015, the government filed an indictment charging Page with three counts of engaging in illicit sexual conduct in foreign places, 18 U.S.C. § 2423(c). On July 25, 2016, Page pleaded guilty to one count. As part of the plea agreement, Page admitted to engaging in illicit sexual conduct with the three minors

in Cameroon from 2009 until 2011.  On December 21, 2016, the Court sentenced Page to 120 months' imprisonment.

The government now seeks $39,911.74 in restitution for S.A.'s injuries, which includes $19,900 for his family's lost property; $15,062 for medical treatment and therapy; and $3,823.48 for travel expenses.  The government's claim for property damage requires a brief explanation regarding the laws and culture in Cameroon.  In Cameroon, homosexuality is illegal.  Gay men, in particular, are ostracized and often have a difficult time finding work.  Cameroonians hold this same prejudice against boys who are sexually abused and against their families.  Here, when individuals in S.A.'s hometown, Yaoundé, Cameroon, learned of Page's actions, S.A. suffered physical and verbal abuse from neighbors.  Likewise, when S.A. and his family's landlord learned of Page's action, the landlord forced S.A.'s family from their home.  As a result, S.A.'s family had to abandon all of their property and had to sell a piece of land to pay for an attorney to fight the eviction.

On July 27, 2017, the Court held an evidentiary hearing regarding restitution and ordered briefing from the parties.  In his papers, Page contests only the property damages and future medical expenses.  For the reasons discussed below, the Court grants the government's request in part.

## DISCUSSION

Both parties agree that the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, applies here and requires that the Court to order restitution.  The

district court "has wide discretion in ordering restitution" under the MVRA. *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). The government bears the burden of proving damages by a preponderance of the evidence. 18 U.S.C. § 3664(e); *United States v. Young*, 272 F.3d 1052, 1056 (8th Cir. 2001).

## I.     Property Damages

Page argues that the Court should not award the requested property damages because: (1) the damages are not awardable under the MVRA; or (2) the government has failed to meet its burden of proving the damages.

The Court concludes that Page should pay for the property damages resulting from his conduct. The MVRA requires the Court to order restitution to the victim of the offense. 18 U.S.C. § 3663A(a)(1). The MVRA defines "victim" more broadly than the person who was the target of the crime. *See United States v. Chalupnik*, 514 F.3d 748, 753 (8th Cir. 2008). Instead, a victim is any person who is "directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2).[1] The purpose of imposing mandatory restitution "is to make victims of crime whole, to fully

---

[1] Page cites *United States v. Wilcox* for the proposition that S.A.'s family cannot recover under the MVRA because they are not victims under the MVRA. But the MVRA applies to more than the person who was the target of the offense. *See Chalupnik*, 514 F.3d at 753. Moreover, the Eighth Circuit in *Wilcox* concluded that a parent cannot recover lost income because the language of the MVRA limits lost income to the victim of the offense rather than a victim whose property is damaged. *United States v. Wilcox*, 487 F.3d 1163, 1176 (8th Cir. 2007) ("While the statute defines 'victim' as 'a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered,' the subsection concerning reimbursement for lost income refers to a specific victim." (internal citations omitted).) Thus, *Wilcox* does not limit the MVRA to the target of the offense in every circumstance.

compensate these victims for their losses and to restore these victims to their original state of well-being." *United States v. Balentine*, 569 F.3d 801, 806 (8th Cir. 2009) (quoting *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004)).  Nonetheless, the offense must have "directly and proximately caused" the harm.  *United States v. Spencer*, 700 F.3d 317, 323 (8th Cir. 2012).  In other words, the defendant must have been the but-for cause of the harm, and the harm must have been reasonably foreseeable. *See id.*

Here, Page argues that he was not the cause of the property damages—it was the landlord.  "The main inquiry for causation in restitution cases [is] whether there was an intervening cause, and, if so, whether this intervening cause was directly related to the offense conduct."  *United States v. Farish*, 535 F.3d 815, 828 (8th Cir. 2008) (Shepherd, C.J., dissenting) (alteration in the original) (quoting *United States v. Hackett,* 311 F.3d 989, 992 (9th Cir. 2002)); *see also United States v. Arnold*, Civ. No. 16-6152, 2017 WL 2838287, at *2 (10th Cir. July 3, 2017) ("[I]ntervening causes break the chain of proximate cause unless they are directly related to the offensive conduct.").

In this case, the family's eviction was directly related to Page's actions:  Without the stigma of being sexually abused, S.A.'s family would not have been evicted and would not have lost their property as a result.  Similarly, the eviction was reasonably foreseeable in Cameroon.  Thus, the landlord's actions did not break the causal chain

between Page's crime and the family's losses.  The Court therefore concludes that the property damages should be awarded.[2]

Page also argues that the government has failed to meet its burden of proving the property damages by a preponderance of the evidence.  The rules of evidence do not apply at sentencing, but submitted information must have "sufficient indicia of reliability to support [its] probable accuracy."  *United States v. Adejumo*, 848 F.3d 868, 871 (8th Cir. 2017) (alteration in the original) (quoting *United States v. Fleck*, 413 F.3d 883, 894 (8th Cir. 2005)).  In support of its motion, the government submitted witness statements documenting the property that was lost and its value.  The government seeks $8,900 for lost furniture and equipment; $2,300 for lost household items; $2,600 for clothing and personal effects; $1,100 for lost items for a catering business; and $5,000 for the land that the family sold.  Page argues that the property damages are inappropriate because the government has failed to independently verify the losses, and the damages are the value of new goods.  The Court concludes that, based on the record before it, the government has failed to prove damages related to the sold property because the government has provided no documentation regarding the sale.  Additionally, the Court concludes that the government's itemized damages are too high to replace used goods.  Accordingly, the Court awards $7,000—or roughly 50% of the claimed damages.

---

[2]  Page argues that property damages are awardable for only property crimes.  But the MVRA requires courts to award restitution whenever an applicable offense "result[s] in damage to or loss or destruction of property of a victim."  18 U.S.C. § 3663A(b)(1).  Thus, for example, a robber can be ordered to pay for damaged property and for bodily harm.  *See United States v. Reichow*, 416 F.3d 802, 804 (8th Cir. 2005) (upholding order for medical bills resulting from a bank robbery).  Page's argument therefore fails.

## II.   Medical Expenses

The government also seeks restitution for past and future medical and counseling expenses for S.A. in the amount of $16,184.  Page argues only that future expenses are not compensable under the MVRA.  The Court, however, concludes that future medical and counseling expenses are compensable under the MVRA.  *See United States v. Serrata*, 679 F. App'x 337, 340 (5th Cir. 2017) (collecting cases).  Thus, the Court awards $16,184 in damages for medical expenses.

## III.   Nominal Payments

Page has also asked for nominal payments based on his apparent inability to pay the order.  18 U.S.C. § 3664(f)(3)(B).  Page's presentence report shows that he has no assets and roughly $3,000 in liabilities.  Page, however, would not declare to his net worth under penalty of perjury.  Based on the recommendation from the Probation and Pretrial Services Office, the Court will implement a nominal payment plan and waive interest.  *See* 18 U.S.C. § 3612(f)(3).  The Court, however, reserves the right to review the plan once Page is released, including Page's representation that he has no assets.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that the government's Request for Restitution is **GRANTED IN PART** and **DENIED IN PART**: :

1.   Defendant Thomas Robert Page is responsible for mandatory restitution in the total amount of $27,011.74, payable to the entities below as follows:

   a.   $7,000 to S.A. for lost property;

      b.      $613.65 to HealtherPartners Clinic for medical screening;

      c.      $508.35 to Minnesota Department of Human Services – Benefit Recovery Unit for medical screening;

      d.      $3,796.74 to Face to Face Health and Counsel Services, Inc. for psychotherapy;

      e.      $11,265.26 to Minnesota Department of Human Services – Benefit Recovery Unit for psychotherapy;

      f.      $3,827.74 to General Crime Victims Fund for travel expenses.

2.      The Court finds and concludes that Defendant does not have the ability to pay the restitution, and therefore the Court waives the interest and orders the following nominal payment plan:

      a.      Payments of not less than $25 per month are to be made over a period of 20 years commencing 30 days after release from confinement.  Within 90 days of Defendant's release, U.S. Probation and Pretrial Services will evaluate Defendant's financial circumstances and establish a monthly payment plan based on his ability to pay.  Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim.

      b.      Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25

if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.  It is recommended the defendant participate in the Inmate Financial Responsibility Program.

        c.       The defendant's obligation to pay the full amount of restitution continues even after the term of supervised release has ended, pursuant to federal law.  If the defendant is unable to pay the full amount of restitution at the time supervised release ends, the defendant may work with the U.S. Attorney's Office Financial Litigation Unit to arrange a restitution payment plan.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 14, 2017                <u>s/Donovan W. Frank</u>
                                                  DONOVAN W. FRANK
                                                  United States District Judge